IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| FRANK L. HERNANDEZ, | ) | NO.: 14-34166 |
| | ) | |
| Debtor, | ) | CHAPTER 13 |
| | ) | |
| | ) | JUDGE: DEBORAH L. THORNE |
| | ) | |

## NOTICE OF MOTION

TO: SEE ATTACHED ADDRESSES

PLEASE TAKE NOTICE THAT ON February 13, 2019 at 09:30 am, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Deborah L. Thorne, U.S. Bankruptcy Judge, 219 S. Dearborn St., 613, Chicago, Illinois 60604, room 613, and shall then and there present the attached Motion and at which time you may appear if you so desire.

## CERTIFICATION

I, the undersigned Attorney, Certify that I served a copy of this Notice to the Addresses attached by electronic notice through ECF or by depositing the same at the U.S. Mail at 1 North Dearborn, Chicago, Illinois 60602 at 5:00 P.M. on February 1, 2019, with proper postage prepaid.

McCalla Raymer Leibert Pierce, LLC

*/s/ Kinnera Bhoopal*
Kinnera Bhoopal
ARDC# 6295897
1 N. Dearborn Suite 1200
Chicago, IL 60602
(312) 346-9088

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

## NOTICE OF MOTION ADDRESSES

To Trustee:  *by Electronic Notice through ECF*
Marilyn O. Marshall
224 South Michigan
Suite 800
Chicago, IL 60604


To Debtor:
Frank L. Hernandez  *Served via U.S. Mail*
1421 S 58TH AVE
Cicero, IL 60804

To Attorney:  *by Electronic Notice through ECF*
Veronica D Joyner
Joyner Law Office
120 South State Street
Suite 200
Chicago, IL 60603


McCalla Raymer Leibert Pierce, LLC
Attorney For: Creditor
1 N. Dearborn Suite 1200
Chicago, IL 60602
(312) 346-9088

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| FRANK L. HERNANDEZ, | ) | NO.: 14-34166 |
| | ) | |
| Debtor, | ) | CHAPTER 13 |
| | ) | |
| | ) | JUDGE: DEBORAH L. THORNE |
| | ) | |

# MOTION TO COMPEL CHAPTER 13 TRUSTEE TO DISBURSE FUNDS OR FILE A NOTICE OF FINAL CURE

NOW COMES PNC Bank, National Association by and through its attorneys, McCalla Raymer Leibert Pierce, LLC, and requests that the Chapter 13 Trustee disburse funds to PNC Bank, National Association constituting pre-petition mortgage arrears due and owing pursuant to the terms of the confirmed plan or alternatively, compel the Trustee to file a Notice of Final Cure stating as follows:

1. On September 19, 2014, the above captioned Chapter 13 was filed.

2. PNC Bank, National Association services the first mortgage lien on the property located at 1421S 58th Ave, Chicago, Illinois 60804.

3. On December 15, 2014 PNC Bank, National Association timely filed Proof of Claim number 4 evidencing pre-petition mortgage arrears in the amount of $34,996.40.

4. Debtor filed a plan on January 28, 2015 (docket number 23), which provided for the Chapter 13 Trustee to disburse $35,000.00 to PNC Bank, National Association to cure the mortgage arrears.

5. On February 26, 2015 the plan filed as docket number 23 was confirmed.

6. On July 8, 2015 PNC Bank, National Association filed a Motion for Relief from the Automatic Stay because the Debtor defaulted on post-petition mortgage payments.

7. The Motion was resolved with an Agreed Order entered on September 17, 2015 (docket number 40).

8. On February 19, 2016, PNC Bank, National Association filed a Notice of Failure to Comply with the terms of the Agreed Order, which modified the Automatic Stay and withdrew PNC Bank, National Association's claim.

9. However, less than one week later PNC Bank, National Association filed a Notice of Withdrawal on February 25, 2016 vacating the Notice of Failure to Comply. (Exhibit A).

10. Moreover, the Notice of Withdrawal expressly stated that the Automatic Stay was reinstated as to PNC Bank, National Association and that the Chapter 13 Trustee shall recommence payments on PNC Bank, National Association's claim.

11. The Chapter 13 Trustee did not file a response nor an objection to either of these Notices.

12. However, the Chapter 13 Trustee did not restart payments to PNC Bank, National Association as directed by the Notice of Withdrawal despite receiving plan payments from the Debtor.

13. In fact, according to the Chapter 13 Trustee's website, the Trustee only paid $7,350.25 of the $34,996.40 due to PNC Bank, National Association. (Exhibit B).

14. Pursuant to 11 U.S.C. §1327(a), the provisions of a confirmed plan are binding on all parties.

15. Additionally, no party in interest moved to modify the plan after confirmation so the confirmed plan terms remained unaltered.

16. Moreover, PNC Bank, National Association filed four (4) payment change notices in compliance with Rule 3002.1(b) from February 2017 to January 2019 further highlighting that the Automatic Stay had been reinstated given that creditors are not required to comply with this rule if the stay has been modified. Rule 3002.1(a).

17. However, the Trustee's website erroneously states that the Stay had been modified and was flagged to stop disbursing to PNC Bank, National Association (Exhibit C).

18. Since the Trustee stopped remitting payments on PNC Bank, National Association's claim, pre-petition mortgage arrears in the amount of $27,646.15 are still due.

19. Therefore, PNC Bank, National Association requests this Court to compel the Chapter 13 Trustee to tender the remaining $27,646.15 to cure the pre-petition mortgage arrears as required by the confirmed plan and validly filed Proof of Claim.

20. Alternatively, PNC Bank, National Association requests this Court to compel the Chapter 13 Trustee to file a Notice of Final Cure in accordance with Rule 3002.1(f).

21. By not filing a Notice of Final Cure the Debtor received a discharge without affording PNC Bank, National Association an opportunity to attest to the status of the loan.

22. If the Trustee had filed a Notice of Final Cure then PNC Bank, National Association would have been able to file a Response advising all parties that the pre-petition arrears had not been cured and that the Debtor still owes $27,646.15.

23. This opportunity to notify the Debtor of the status of his loan is imperative even though PNC Bank, National Association's mortgage is excepted from the discharge pursuant to 11 U.S.C. §1328(a)(1).

24. Given that the mortgage arrears are not discharged pursuant to §1328(a)(1), PNC Bank, National Association is not precluded from moving forward with foreclosure.

25. Therefore, compelling the Trustee to file a Notice of Final Cure would afford PNC Bank, National Association the opportunity to file a Response that clearly reflects the delinquent status of the loan to the Debtor and the State Court.

WHEREFORE, YOUR MOVANT respectfully prays that this Court to enter an Order requiring the Chapter 13 Trustee to tender $27,646.15 to PNC Bank, National Association pursuant to the binding terms of the confirmed plan, or alternatively that Chapter 13 Trustee be compelled to file a Notice of Final Cure so that PNC Bank, National Association can file a Response illustrating the loan's status, and for such other and further relief as this Honorable Court deems just.

McCalla Raymer Leibert Pierce, LLC

By:   */s/Kinnera Bhoopal*
Kinnera Bhoopal
Illinois Bar No. 6295897
Attorney for Creditor
1 N. Dearborn Suite 1200
Chicago, IL  60602
Phone:  (312) 346-9088
Fax:  (312) 551-4400
Email:  ILpleadings@mrpllc.com